**KARL'S INC. and Atchley Appliance & TV, Inc., Appellants,**

v.

**SUNRISE COMPUTERS, INC. Digital Equipment Corporation, Appellee.**

Nos. 89–5110, 89–5111.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1989.

Decided April 10, 1990.

Charles Rick Johnson, Gregory, S.D., for appellants.

E. Joseph Dean, Portland, Or., for appellee.

Before LAY, Chief Judge,
McMILLIAN and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Karl's Inc. and Atchley Appliance & TV, Inc. (plaintiffs) appeal from the district court's summary judgment in favor of Digital Equipment Corporation (Digital). Digital appeals the district court's denial of its motion for leave to amend its answer to assert a counterclaim for attorneys' fees and Rule 11 sanctions under the Federal Rules of Civil Procedure. We affirm in part and reverse and remand in part.

## I.

In July 1984, plaintiffs contracted to purchase computer systems from Sunrise Computers, Inc. (Sunrise), a business that sold computer systems tailored for use in the retail television and appliance market. Sunrise, in turn, contracted to purchase components for plaintiffs' systems from Digital, a manufacturer of computer system components. Digital agreed to supply the central processing unit of the computer hardware, as well as the operating system software.

The computer systems developed problems shortly after installation. One of the most significant problems was that the Digital operating system was incompatible with the computer system's disk drive, which was provided by a different computer manufacturer. Without a functioning disk drive, the operating system could not move data properly throughout the computer system, thereby limiting the system's storage space.

After identifying this problem, Digital and Sunrise corresponded about how to correct it. In an agreement reached with Sunrise in March 1985, Digital agreed to replace the non-functioning disk drives with Digital disk drives at no additional cost to Sunrise. Before Digital installed the new disk drives, however, Sunrise sued Digital in United States District Court for the District of Oregon. Digital reached a partial settlement agreement with Sunrise in August 1985, in which Digital again agreed to replace the disk drives. The court granted Digital summary judgment on the remaining issues, and the Ninth Circuit affirmed on appeal. *Sunrise Computers, Inc. v. Digital Equip. Corp.*, No. CV 85-972-FR (D.Or. June 2, 1986), *aff'd mem.*, 835 F.2d 1436 (9th Cir.1987).

Installation of the Digital disk drives was further delayed when Digital determined that the disk drives it proposed to install would be incompatible with the Digital operating system. Digital then decided to provide plaintiffs with an updated version of the Digital operating system. In September 1985, a Digital employee went to each plaintiff's store to install the Digital disk drive and the updated version of the operating system software. Plaintiffs assert that they continued to have problems with their computer systems despite the new system components.

Plaintiffs filed this action against both Sunrise and Digital in December 1987. Digital answered the complaint; Sunrise did not, having apparently become insolvent. Digital moved for summary judgment and for leave to file a second amended answer with a counterclaim for attorneys' fees and costs. The court granted Digital's motion for summary judgment and denied the motion for leave to amend.

## II.

Plaintiffs contend that the district court erred in granting summary judgment because there were genuine issues of fact under a number of theories. In their brief, plaintiffs attempt to show the existence of a joint venture between Sunrise and Digital, as well as the existence of joint venture by estoppel. Plaintiffs' brief also alleges that there is a triable issue of fact on the question whether there was an agency rela-

tionship between Digital and Sunrise, although plaintiffs seem to have expressly disavowed this theory of liability in the district court. At oral argument, plaintiffs asserted a new, previously unargued theory of misrepresentation under section 552 of the Restatement (Second) of Torts.

■ Plaintiffs' contract with Sunrise calls for the application of Oregon law. Because plaintiffs are apparently suing Digital for failure to meet the obligations that Sunrise undertook in that contract, and because plaintiffs have not persuasively asserted that the law of another jurisdiction should govern this claim, we analyze plaintiffs' claim under Oregon's law of joint venture. Oregon case law requires that a joint venture, as a partnership for a single transaction, be proven by showing an intent of the parties to (1) jointly share profits, (2) jointly share liability for losses, and (3) jointly share control over the business of the venture. *Dority v. Driesel*, 75 Or.App. 180, 706 P.2d 995, 998, *rev. denied*, 300 Or. 367, 712 P.2d 109 (1985) (citing *Hayes v. Killinger*, 235 Or. 465, 471, 385 P.2d 747, 753 (1963)).

■ We agree with the district court that plaintiffs have not set forth evidence from which a reasonable jury could find that any elements of a joint venture existed in the relationship between Sunrise and Digital. The evidence shows that Sunrise maintained control over the selection and coordination of the hardware and software elements for the computer system. No evidence indicates that if Sunrise lost money Sunrise was no longer obligated to pay Digital the full amount of the contract price for the computer components. Neither is there any indication that if Sunrise had profits it would pay Digital anything more than the set contract price. Moreover, plaintiffs have not shown that Sunrise and Digital held themselves out in a manner in which plaintiffs could have reasonably believed that Sunrise and Digital were operating as a joint venture or that Digital operated with the apparent authority of Sunrise. Thus, there is no evidence that would support a finding of joint venture by estoppel.

Plaintiffs' theories for imposing liability on Digital are without merit. Our examination of the record reveals that Digital merely acted in a good faith attempt to solve the problems its equipment caused in the operation of the computer systems Sunrise installed. Digital's actions show good business practice, and we will not interpret them as an implied agreement to share liability with Sunrise in the absence of some evidence of an agreement to share profits and losses.

■ Plaintiffs raised the misrepresentation theory of liability for the first time at oral argument. Having not been raised in the court below, that theory is not properly before us.

We affirm the district court's grant of summary judgment in favor of Digital.

## II.

Digital appeals the district court's denial of its request to amend its answer to assert a counterclaim for attorneys' fees. Rule 15 of the Federal Rules of Civil Procedure provides that when justice requires, leave shall be freely given to amend a party's pleading. We review the district court's denial of leave to amend pleadings for abuse of discretion. *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir.1981).

We held in *Buder* that a court should deny leave to amend pleadings because of a perceived unlikelihood of succeeding on the merits only when the party asserts clearly frivolous claims. 644 F.2d at 695. The district court denied Digital's motion to amend on the ground that Digital's case would not merit an award of attorneys' fees even if Digital amended its answer.

■ Digital maintains that its claim for attorneys' fees is valid under Oregon law, the law which plaintiffs and Sunrise agreed to apply in matters concerning the contract. Under Oregon law, the prevailing party in an action to enforce the provisions of a contract shall be awarded attorneys' fees and costs if the contract so provides. Or. Rev.Stat. § 20.096(1). Neither the statute

nor Oregon case law requires that the prevailing party in such an action be a party to the contract. *Golden West Insulation v. Stardust Inv. Co.*, 47 Or.App. 493, 509–12, 615 P.2d 1048, 1057–58 (1980). The contracts between the plaintiffs and Sunrise provides that the prevailing party in an action to enforce the contract will be compensated for attorneys' fees.

■ Because Digital has made a colorable showing of the applicability of the contract provisions and Oregon law, its claim for attorneys' fees is not frivolous. Accordingly, the district court should have permitted Digital to amend its answer to assert such a claim.

Digital also asserts that it is entitled to an award of fees for sanctions under Rule 11 of the Federal Rules of Civil Procedure because plaintiffs' attempt to recover from Digital under a joint venture theory is frivolous. Rule 11 authorizes an award of attorneys' fees as a sanction when pleadings are filed which are not well grounded in fact or warranted by existing law or a good faith argument for changing the law.

Digital's argument is not without some merit. Digital contends that prior to filing the complaint in this case, plaintiffs' counsel read neither the five depositions of the plaintiffs and their employees taken in the *Sunrise v. Digital* case nor any of the other eighteen depositions taken in that case. Digital also points to plaintiffs' failure to establish the existence of even one element of a joint venture, as well as to plaintiffs' vacillation in their assertion of theories of liability in the district court and their assertion, without the benefit of briefing, of yet another theory in oral argument before this court. Without using those exact words, Digital characterizes plaintiffs' case as a lawsuit in search of a theory in search of a solvent defendant. Because the district court may well be able to award appropriate attorneys' fees under the contract, however, we will not reverse the district court's denial of sanctions under Rule 11.

We reverse that portion of the judgment which denies Digital's motion for leave to file an amended answer, and we remand the case to the district court with directions to grant Digital leave to amend its answer and to conduct further proceedings on Digital's claim for attorneys' fees under the contract. In all other respects, we affirm the judgment of the district court.