**In re DIGITAL EQUIPMENT CORPORATION; E. Joseph Dean, Petitioners.**

**No. 91–1505.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1991.

Decided Nov. 6, 1991.

---

E. Joseph Dean, Portland, Or., argued, Charles F. Adams, for appellant.

Charles Rick Johnson, Gregory, S.D., argued, for appellee.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

This petition for mandamus arises out of civil litigation over a counterclaim for attorneys' fees. Digital Equipment Corporation (Digital), the counterclaimant, and E. Joseph Dean, a Digital attorney, petition for a writ directing the United States District Court for the District of South Dakota to vacate two discovery orders, dated October 15, 1990, and February 13, 1991, regarding deposition subpoenas served on attorneys E. Joseph Dean and Glenn Hovemann by Karl's, Inc. and Atchley Appliance & TV, Inc., the counterclaim defendants and respondents to this petition.[1] Petitioners argue that the district court lacked jurisdiction to rule on their written objections to the subpoenas, pursuant to Rules 45(d)(1) and 37(a)(1) of the Federal Rules of Civil Procedure. In the alternative, petitioners argue that the district court abused its discretion in ruling that certain documents were not privileged and ordering their production. For the reasons discussed below, we issue the writ of manda-

mus and order the district court to vacate its orders of October 15, 1990, and February 13, 1991.

### Background

In December 1987, respondents brought a civil action against Sunrise Computers, Inc. and Digital in the United States District Court for the District of South Dakota. The district court granted summary judgment in favor of Digital, but denied Digital's motion for leave to amend the answer to bring a counterclaim for attorneys' fees and sanctions under Rule 11 of the Federal Rules of Civil Procedure. Respondents appealed the summary judgment and Digital cross-appealed the denial of leave to amend the answer. By order filed April 10, 1990, this court affirmed the summary judgment, and reversed and remanded the denial of leave to amend the answer with instructions to the district court to allow Digital to bring a counterclaim for attorneys' fees. *Karl's, Inc. and Atchley Appliance & TV, Inc. v. Sunrise Computers, Inc. and Digital Equipment Corp.*, 901 F.2d 657 (8th Cir.1990).

By notice dated July 11, 1990, respondents noticed the depositions of six individuals, including three attorneys with the Portland, Oregon, law firm representing Digital, Stoel Rives Boley Jones & Grey (Stoel Rives), two legal assistants at Stoel Rives in Portland, and one in-house Digital attorney in Massachusetts.

Two of the Stoel Rives attorneys named in the notice, E. Joseph Dean and Glenn Hovemann, were served with deposition subpoenas on July 16, 1990. None of the other four individuals named in the notice were served with subpoenas.

The subpoenas served on Dean and Hovemann were issued on July 16, 1990, by the Clerk of the District Court for the District of Oregon. The subpoenas commanded Hovemann and Dean to appear for deposition at the law offices of Stoel Rives in Portland, Oregon, on August 2, 1990, and August 3, 1990, respectively. The sub-

---

**1.** Digital Equipment Corporation and E. Joseph Dean are referred to as "petitioners," and Karl's, Inc. and Atchley Appliance & TV, Inc., are referred to as "respondents."

poenas also commanded the deponents to bring various documents to the deposition, including time slips or other documentary evidence of time and expense devoted to the underlying case; copies of memoranda, research results, briefs, conference notes, letters, pleadings, or other evidence of the matters identified in the time and expense charges; and copies of all documents Digital intended to use to establish its counterclaim for attorneys' fees.

On July 30, 1990, within ten business days after service of the subpoenas, Dean and Hovemann filed written objections with the district court in Oregon, objecting to the document request contained in the deposition subpoenas served on them by respondents. The objections were served on counsel for respondents on or before July 30, 1990.

Dean and Hovemann objected to the deposition subpoenas on grounds of attorney-client privilege, work-product privilege and failure to describe the documents to be produced with particularity. In their written objections, the Digital attorneys also indicated their willingness to produce computer printouts and accounting documents showing the time and expense billed by Stoel Rives to the case.

After receiving Dean and Hovemann's written objections, respondents sought relief in the District Court for the District of South Dakota where the underlying action was pending. The district court held a hearing by telephone, at which time the Digital attorneys argued that the district court lacked jurisdiction to rule on their written objections. The district court rejected the jurisdictional argument, and by written order dated October 15, 1990, ordered the Digital attorneys to submit documents believed to be protected by the attorney-client or work-product privilege, for *in camera* review. *Karl's, Inc. and Atchley Appliance & TV, Inc. v. Digital Equipment Corp.*, No. CIV 87-4191 (D.S.D. October 15, 1990) (Order).

The Digital attorneys submitted 119 documents to the district court. By order dated February 13, 1991, the district court ruled that twelve of the 119 documents were privileged, and the remaining 107 were not. *Karl's, Inc. and Atchley Appliance & TV, Inc. v. Sunrise Computers, Inc. and Digital Equipment Corp.*, No. CIV 87-4191 (D.S.D. February 13, 1991) (Order). The order also specifically gave the parties until March 15, 1991, to seek appellate review; the documents were ordered sealed by the clerk of court pending completion of such review. *Id.* This petition for writ of mandamus followed.

### Discussion

Petitioners argue that the district court lacked subject matter jurisdiction to rule on the written objections to the subpoenas. Alternatively, petitioners argue that the district court abused its discretion in ruling that certain documents were not privileged, and ordering them produced. We hold that the district court did not have jurisdiction to rule on the objections.

Rule 45(d)(1) of the Federal Rules of Civil Procedure states in pertinent part,

> Proof of service of a notice to take a deposition ... constitutes a sufficient authorization for the issuance by the clerk of the district court for the district in which the deposition is to be taken of subpoenas for the persons named or described therein.... The subpoena may command the person to whom it is directed to produce and permit inspection and copying of designated books, papers, documents, or tangible things which constitute or contain matters within the scope of the examination permitted by Rule 26(b), but in that event the subpoena will be subject to the provisions of Rule 26(c) and subdivision (b) of this rule.

> The person to whom the subpoena is directed may, within 10 days after the service thereof ... serve upon the attorney designated in the subpoena written objection to the inspection or copying of any or all of the designated materials. *If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except*

*pursuant to an order of the court from which the subpoena was issued.*

Fed.R.Civ.P. 45(d)(1) (emphasis added).[2]

Accordingly, a deposition subpoena shall be obtained from the court in the district where the deposition is to be taken. The geographical area in which a deposition may be taken is limited to "within 100 miles from the place where [the witness] resides, is employed or transacts business in person, or is served, or at such other convenient place as is fixed by an order of court." Fed.R.Civ.P. 45(d)(2). The subpoena may command the witness to produce documents or other materials at the deposition. Fed.R.Civ.P. 45(d)(1). The witness may object to the subpoena by serving upon the deposing party written objection to inspection or copying of the requested materials, within 10 business days after service of the subpoena. *Id.* Upon service of the written objection, the deposing party shall not be entitled to inspect and copy the materials identified in the subpoena, except pursuant to an order of the court from which the subpoena was issued. *Id.; accord* Fed.R.Civ.P. 37(a)(1) ("An application for an order to a deponent who is not a party *shall* be made to the court in the district where the deposition is being taken.") (emphasis added); Fed.R.Civ.P. 26(c) ("on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person....").

In the present case, the depositions of Dean and Hovemann were to be taken by respondents in Portland, Oregon, within the District of Oregon. Pursuant to Rule 45(d)(1), respondents were therefore required to obtain the deposition subpoenas from the Clerk of the District Court for the District of Oregon, which they did. Dean and Hovemann timely served respondents

with written objections to the document request contained in the subpoenas; as a result, respondents are entitled to the materials identified in the subpoenas only pursuant to an order of the district court from which the subpoenas were issued, namely, the District Court for the District of Oregon. Fed.R.Civ.P. 45(d)(1). While the Oregon district court initially has exclusive jurisdiction to rule on the objections, it may in its discretion remit the matter to the court in which the action is pending. Fed. R.Civ.P. 26(c).[3] Absent such transfer, however, the District Court for the District of South Dakota lacks jurisdiction to rule on Dean and Hovemann's objections, including their claims of privilege.

In light of our disposition of the jurisdictional issue, we do not reach the merits of the district court's rulings on the attorney-client and work-product privileges. We issue the writ of mandamus and order the district court to vacate the above-referenced orders of October 15, 1990, and February 13, 1991.

---

**2.** Amendments to Rule 45 scheduled to take effect December 1, 1991, are not applicable here.

**3.** The Advisory Committee's Note to Rule 26(c) (Protective Orders) explains:

The subdivision recognizes the power of the court in the district where a deposition is being taken to make protective orders. Such

power is needed when the deposition is being taken far from the court where the action is pending. The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.

Fed.R.Civ.P. 26(c) advisory committee's note.