**RSBI AEROSPACE, INC., Appellant,**

v.

**AFFILIATED FM INSURANCE COMPANY, Appellee.**

No. 94–2706.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1995.

Decided Feb. 28, 1995.

---

Marilyn Gussman, Kansas City, MO, argued (Thomas J. Cox, on the brief), for appellant.

Terrence R. Joy, Kansas City, MO, argued (William A. Webster and Patrick M. Reidy, on the brief), for appellee.

Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WILL,* Senior District Judge.

WILL, Senior District Judge.

RSBI Aerospace, Inc. ("RSBI") brought this breach of insurance contract action against Affiliated FM Insurance Company ("Affiliated") after Affiliated denied RSBI's claim for lost inventory resulting from a fire at its office and warehouse. Affiliated brought a counterclaim against RSBI, alleging fraudulent misrepresentation, and then moved for summary judgment on both claims, arguing that the fire loss at issue was caused by an employee of the insured and therefore recovery was precluded by the terms of the policy. The district court granted the motion for summary judgment on RSBI's claims, but denied the motion for summary judgment on Affiliated's counterclaims. RSBI timely appealed the district court's order. We affirm.

## BACKGROUND

On November 2, 1991, a fire occurred at RSBI's warehouse and offices, which resulted in a loss of most of RSBI's inventory. Neither party disputes that the fire was set intentionally. RSBI filed a claim of loss with its insurer, Affiliated, for the lost inventory. Affiliated denied the claim on the basis that RSBI misrepresented proof of losses and was involved with the setting of the fire. RSBI then brought this suit for breach of insurance contract and Affiliated filed a counterclaim seeking expenses incurred in the investigation and defense of this action.

Affiliated filed a motion for summary judgment on both RSBI's claims and its counterclaims. Affiliated contended that the fire

---

* The HONORABLE HUBERT L. WILL, Senior United States District Judge for the Northern District of Illinois, Eastern Division, sitting by designation.

was set by one of RSBI's employees, Guy Tamburello, and the policy contained a clause which excluded from coverage loss caused by any employee of the insured. In support of its motion, Affiliated submitted numerous discovery responses, most of them consisting of sworn statements or deposition testimony of RSBI's President, Ross Barber, and Secretary, Denise Mize, in which Barber and Mize stated that Tamburello was an employee at the time of the fire and continued to be employed until approximately January 1992. Affiliated also submitted the guilty plea of Guy Tamburello, in which he admitted to setting the fire, and the sworn statement of Guy Tamburello, in which he once again admitted setting the fire and confirmed that he was employed by RSBI at the time of the fire.

In opposition to the motion for summary judgment, Barber and Mize filed affidavits which contradicted their own earlier sworn statements and stated that Tamburello was terminated as an employee on September 30, 1991. RSBI also cited deposition testimony of their witness, Robert Purinton, an accountant retained to support the claim, in which he made reference to a notation in Tamburello's personnel file that indicates that he was terminated on September 30, 1991. Mr. Purinton also testified that, according to RSBI's records, after September 30, 1991, Tamburello was no longer on the payroll. RSBI also submitted Tamburello's personnel records, which contained the notation that Tamburello was terminated from employment in September 1991.

Although RSBI contended that its officers' affidavits and the other evidence demonstrated a genuine issue of material fact, the district court held otherwise. The court first concluded that the clause excluding coverage for acts of employees was enforceable under Missouri law, and thus the issue of whether Tamburello was an employee was material to this case. The court then noted that the affidavits filed by Barber and Mize completely contradicted their previous sworn testimony, and thus under this circuit's decision in *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir.1983), these contradictory affidavits, without evidence of some type

of confusion on the part of the affiants with respect to their previous testimony, did not create a dispute of fact which would preclude summary judgment. In particular, the court noted that in their affidavits Barber and Mize did not explain why the statements contained in the affidavits were contrary to the prior depositions and other sworn testimony.

Finally, the court concluded that Tamburello's personnel records and Purinton's deposition testimony did not create an issue of fact because, in light of the overwhelming evidence supporting Affiliated's assertion that Tamburello was an employee at the time of the fire, no reasonable jury could have concluded that Tamburello was not an employee of RSBI on November 2, 1991. The court then granted summary judgment on RSBI's claims, but denied the motion for summary judgment on Affiliated's counterclaims. RSBI filed this timely appeal.

## DISCUSSION

On appeal, we review a grant of summary judgment de novo, applying the same standard as the district court. *Egan v. Wells Fargo Alarm Services,* 23 F.3d 1444, 1446 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994). Summary judgment is proper when the movant establishes that there are no genuine issues of material fact and, therefore, the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). As the district court noted, a genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. The moving party has the burden of proving that these requirements have been met. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513. However, if the evidence submitted by the non-moving party is

merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50, 106 S.Ct. at 2510–11.

■ The district court correctly concluded that the issue of whether Tamburello was an employee was material. The applicable exclusionary clause in the insurance policy stated:

> This policy does not insure against loss or damage caused by or resulting from any of the following regardless of any other cause or event which contributes concurrently or in any sequence to the loss unless such coverage is specifically endorsed to this Policy:
>
> (a) Any dishonest act committed alone or in collusion with others, (1) by the Insured or any associate, officer or employee thereof whether or not such acts are committed during regular business hours....

Thus, under the plain terms of the insurance policy, RSBI could not recover insurance proceeds for any dishonest acts committed by its employees. While Missouri common law would not have prevented coverage for acts committed by employees unless the corporation had assented to the acts, we agree with the district court and the cases upon which it relied that because coverage for such acts is specifically included in the insurance policy, Missouri common law is inapplicable in this case. *See, e.g., State Farm Fire and Cas. Ins. Co. v. Kane,* 715 F.Supp. 1558, 1561–62 (S.D.Fla.1989); *Minnesota Bond v. St. Paul Mercury Ins. Co.,* 300 Or. 85, 706 P.2d 942, 943 (1985).

■ RSBI also contends that the exclusionary language contained in the policy should not be applied in this case because the term "employee" is ambiguous and therefore should be construed in their favor. However, RSBI did not present this argument to the district court. "It is old and well-settled law that issues not raised in the trial court cannot be considered by this court as a basis for reversal." *Gregory v. Honeywell, Inc.,* 835 F.2d 181, 184 (8th Cir.1987). Even if we were to consider the merits of RSBI's argument, however, it would fail because although the term "employee" may be ambiguous in certain situations, the term is not inherently ambiguous and any ambiguity should be examined in the context of each case.

■ Here, summary judgment was proper because no genuine issue of material fact existed on the question of whether Guy Tamburello was an employee at the time of the fire. In support of its motion for summary judgment, Affiliated submitted numerous documents containing statements by RSBI's officers Barber and Mize in which they stated that Tamburello was employed at RSBI at the time of the fire. Despite their earlier statements, Barber and Mize submitted affidavits in opposition to the motion for summary judgment which stated that Tamburello was terminated in September 1991. Typically, a dispute of fact on a material issue would preclude summary judgment. However, this circuit has long held that parties to a motion for summary judgment cannot create sham issues of fact in an effort to defeat summary judgment. *See Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361 (8th Cir. 1983).

■ In *Camfield,* we held that contradictory affidavits will preclude summary judgment only if the prior testimony reflects confusion on the part of the witness and the affidavits explain why the earlier testimony is in conflict with the affidavits. *Id.* In this case, RSBI's officers repeatedly represented in sworn statements that Guy Tamburello was employed at RSBI on the date of the fire. However, after Affiliated filed its motion for summary judgment, the same officers submitted affidavits which contradicted their earlier testimony. These affidavits do not mention the difference in testimony, nor do they contain statements explaining why the affiants repeatedly took one position before the motion for summary judgment, but another inconsistent position after. Without having any evidence before it of misunderstanding or confusion which would reconcile the inconsistent statements, the district court decided the issue under the principles enunciated in *Camfield Tires,* and correctly determined that the affidavits did not create a genuine issue of material fact.

■ On appeal, RSBI claims that differences between the earlier testimony and the

subsequent affidavits was caused by a misunderstanding of the term "employee" by Ross and Mize, a misunderstanding that they were not aware of until it was pointed out by their witness, Robert Purinton. However, the effort to explain the inconsistent testimony comes too late, because issues not raised before the district court are waived on appeal. *Gregory*, 835 F.2d at 184. The affiants were aware of their purported "misunderstanding" when they wrote their affidavits and should have explained this misunderstanding and the reason for the change in testimony at that time.

RSBI also claims that Robert Purinton's deposition testimony and RSBI's personnel records demonstrate a genuine issue of material fact because the testimony and records indicate that Tamburello was terminated on September 30, 1991. At his deposition, Purinton, an accountant retained specifically for this litigation, stated that based on his conversations with RSBI's officers and an examination of the personnel records, he was of the opinion that Tamburello had been terminated in September 1991. The personnel records contain a document with a handwritten notation that Tamburello was terminated on September 30, 1991, and remained as an unpaid advisor, and a computer-generated document with the same information.

The deposition testimony of Robert Purinton and the personnel records do not create a genuine issue of material fact. Barber and Mize on at least ten separate occasions gave sworn statements that Tamburello was in RSBI's employ at the time of the fire. Mr. Purinton's testimony establishes that he did not have any independent knowledge of when Guy Tamburello was terminated, but instead based his opinion on information supplied by Barber and Mize, and from examining RSBI's personnel records. The notations in the personnel records support Barber's and Mize's later affidavits, but neither document was accompanied by an affidavit which would allow us to assess the record's accuracy or reliability. The district court concluded that based on the evidence before it no reasonable jury could have found that Tamburello was not employed by RSBI on the date of the fire. We agree.

RSBI next contends that the district court erroneously considered the guilty plea and deposition of Guy Tamburello. However, as our discussion above reflects, the many statements by Barber and Mize strongly supported Affiliated's claim that Tamburello was an employee at the time of the fire, and RSBI failed to submit any evidence which served to create a genuine issue of material fact. Thus, even without considering Guy Tamburello's statements, summary judgment was proper. In addition, there is no evidence that the district court relied on Tamburello's statements in coming to its conclusion.

In any event, we find that both statements were admissible. A guilty plea taken in open court is a sworn statement and, while not always conclusive, is powerful evidence. *See, e.g., FDIC v. Oldenburg*, 34 F.3d 1529, 1539 (10th Cir.1994). And despite RSBI's arguments to the contrary, the fact that a guilty plea *may* be withdrawn is not sufficient to render it inadmissible, *see Anderson v. Cramlet*, 789 F.2d 840, 845 (10th Cir.1986). The cases to which it cites all involved situations in which the guilty plea was inadmissible because it had been withdrawn. *See Kercheval v. United States*, 274 U.S. 220, 223–24, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); *Harris v. Anderson*, 364 F.Supp. 465, 465 (W.D.N.C.1973).

The sworn statement of Guy Tamburello was also admissible. While RSBI claims that this statement was not admissible because it did not participate in the taking of the statement, a sworn statement taken under oath is at least as reliable as an affidavit for the purposes of Rule 56(c). *See Curnow v. Ridgecrest Police*, 952 F.2d 321, 323–24 (9th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 460, 121 L.Ed.2d 369 (1992) (holding that sworn statement of non-party witness was admissible for purposes of summary judgment motion even though defense counsel was not present during questioning of witness); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966–67 (9th Cir.1981) (holding that deposition taken without opportunity for opposing counsel to cross-examine could not be admitted as deposition, but could be admitted as equivalent of affidavit under Rule

56(c)) (cited with approval in *Diamonds Plus, Inc. v. Kolber,* 960 F.2d 765, 768 (8th Cir. 1992)).

RSBI also argues that other documents before the district court were inadmissible. However, as with Tamburello's guilty plea and sworn statement, the district court did not specifically rely on any of the documents to which RSBI now objects, and summary judgment properly would issue even if those documents had not been submitted in support of the motion for summary judgment.

## CONCLUSION

For the reasons stated above, we affirm the district court's award of summary judgment in favor of defendant Affiliated FM Insurance Company.