65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Judy E. HOTTINGER, Appellant,
v.
CONTEL OF ARKANSAS, INC.; GTE Arkansas Incorporated; GTE
Corporation; Douglas Patton, Appellees.
Judy E. Hottinger, Appellee,
v.
Contel of Arkansas, Inc.; GTE Arkansas Incorporated; GTE
Corporation; Douglas Patton, Appellants.
 Nos. 94-2564, 94-2714
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 27, 1995
Filed: Aug. 18, 1995
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Judy E. Hottinger appeals from the district court's[1] grant of summary judgment in favor of GTE/Contel and Douglas Patton in her discrimination and state tort action. GTE/Contel and Patton cross- appeal from the denial of their motion for sanctions. We affirm.
 
 
 2
 After receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), Hottinger filed her complaint alleging GTE/Contel terminated her employment in violation of the Americans With Disabilities Act (ADA), and the Age Discrimination In Employment Act (ADEA). Specifically, Hottinger alleged that on December 1, 1992, while she was on sick leave recovering from brain surgery, GTE/Contel issued a letter terminating her employment effective December 6. At the time she was forty-five years old. She also alleged GTE/Contel regional administrator-division labor relations Patton had telephoned her on Sunday, November 22, 1992, at 9:00 a.m. to inform her she was terminated, and this telephone call subjected her to extreme outrage.
 
 
 3
 Defendants moved for summary judgment, arguing Hottinger's discrimination claims were barred by the applicable limitations periods, because she did not file her EEOC charge within 180 days after the November 22 telephone call. Among the documents defendants submitted in support of their motion was Hottinger's June 2, 1993 EEOC charge of age and disability discrimination, and her contemporaneous supporting affidavit. In this affidavit, Hottinger stated: "On November 22, 1992, [Patton] called me and ... told me that I would be terminated in two weeks." In her response, supported by her own affidavit and affidavits of her treating medical professionals, Hottinger stated the mental illness caused by her brain surgery made it impossible for her to fully understand oral communications; at the time of the November 22 phone call she was very confused and unsure whether Patton meant her benefits or her employment might be terminated in two weeks; she did not learn of her termination until she received the December 1 letter on December 15; she was unable to accurately explain to her attorneys the content of the November 22 telephone call; and, as a result, they incorrectly alleged she was told of her termination on November 22.
 
 
 4
 The district court granted defendants' motion for summary judgment, concluding Hottinger's discrimination claims were barred by the 180-day limitations periods, which began running when Hottinger received the November 22 telephone call. The court concluded the undisputed facts established Hottinger understood the November 22 telephone call communicated her termination, because Hottinger's most recent statement that she did not fully understand she was terminated on November 22 was contradicted by the binding admissions contained in her complaint and EEOC affidavit. The court also summarily denied Hottinger's outrage claim and motion to amend her complaint, and a motion by defendants for sanctions.
 
 
 5
 We review de novo a grant of summary judgment and will affirm if the evidence, viewed in the light most favorable to the nonmovant, demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Hardin v. Hussmann Corp., 45 F.3d 262, 264 (8th Cir.1995).
 
 
 6
 "[T]his circuit has long held that parties to a motion for summary judgment cannot create sham issues of fact in an effort to defeat summary judgment." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir.1995). Contradictory affidavits preclude summary judgment only if the prior affidavits reflect confusion on the part of the affiant, and the subsequent affidavits explain why the earlier affidavits contain conflicting statements. Id.
 
 
 7
 The opposing affidavits Hottinger submitted, stating that she did not learn of her termination until she received formal written notice on December 15, do not create a genuine dispute of material fact. Although Hottinger's statement that she was confused and therefore incapable of communicating effectively with her attorneys may explain why her subsequent affidavits and complaint are inconsistent, her confusion does not explain why her subsequent affidavits and EEOC affidavit are inconsistent. Her EEOC affidavit does not reflect any confusion on her part: she unequivocally states she was told on November 22 she would be terminated. See id. Thus, we conclude Hottinger's discrimination claims are barred, because there is no genuine dispute on whether she was told of her termination on November 22, and it is undisputed she filed her EEOC charge more than 180 days after she received notice of her termination. See 29 U.S.C. Sec. 626(d) (ADEA's 180-day limitations period); 42 U.S.C. Secs. 12117(a), 2000e-5(e)(1) (ADA's 180-day limitations period); Dring v. McDonnell Douglas Corp., No. 94-2992, 1995 WL 396524, at * 2-3 (8th Cir. July 5, 1995) (discussing ADEA; concluding limitations period accrued when employee was told by supervisor of impending termination where employee subsequently received formal notification and continued working until a later date).
 
 
 8
 We also conclude the district court did not abuse its discretion in denying Hottinger's motion to amend her complaint. See Karl's, Inc. v. Sunrise Computers, Inc., 901 F.2d 657, 659 (8th Cir.1990) (standard of review). We further conclude the district court properly dismissed the outrage claim. See Buford v. Tremayne, 747 F.2d 445, 448 n.2 (8th Cir.1984) (district court correctly dismissed pendant state claim where no federal claims remained to support federal jurisdiction following grant of motion for summary judgment). Finally, the district court did not abuse its discretion in denying defendants' motion for sanctions. See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank, 934 F.2d 976, 985 (8th Cir.1991) (standard of review).
 
 
 9
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Henry Woods, Senior United States District Judge for the Eastern District of Arkansas