# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1999

_____

Bonnie Nickerson,                          *
                                           *
    Appellant,         *
                                           *    Appeal from the United States
  v.                             *    District Court for the District of
                                           *    South Dakota.
Allied Mutual Insurance Company, a         *
corporation,                               *        [UNPUBLISHED]
                                           *
    Appellee.          *

_____

Submitted:  October 21, 1999

Filed:    October 28, 1999

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

While on a business trip driving a personal vehicle, Catherine Day Breitag and Bonnie Nickerson were seriously injured in a two-car accident. After recovering from the other driver's insurer and from their own, Breitag and Nickerson brought this diversity action against the company that insures their employer's fleet of nine vehicles, Allied Mutual Insurance Company, seeking underinsured motorist coverage under the policy's temporary substitute vehicle provision. The district court granted Allied's motion for summary judgment. Only Nickerson appeals, and we affirm.

We review the grant of summary judgment de novo, applying the same standards that the district court used. See Young v. Warner-Jenkinson Co., 152 F.3d 1018, 1021 (8th Cir. 1998). Summary judgment was properly granted if the evidence, viewed in the light most favorable to Breitag and Nickerson, shows there is no genuine issue of material fact and Allied is entitled to judgment as a matter of law. See id. The parties agree that South Dakota law applies in this diversity case.

The underinsured motorist coverage endorsement in Allied's policy defines an insured as "[a]nyone . . . 'occupying' . . . a temporary substitute for a covered 'auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing, loss or destruction." In the only South Dakota case involving this provision, the court stated the provision unambiguously extends coverage to a person using a vehicle not listed in the policy "as a substitute for the insured automobile which has been withdrawn from its normal use because of breakdown, repair, servicing, loss or destruction." Nelson v. St. Paul Mercury Ins. Co., 153 N.W.2d 397, 399-400 (S.D. 1967). The purpose of this provision is to "reasonably define coverage by limiting the insurer's risk to one operating vehicle at a time for a single premium." Id. at 400. Other courts are in agreement that the provision extends temporary coverage to an insured, here, the employer, who is using a borrowed vehicle because the employer cannot use the vehicle designated in the policy for one of the specified reasons. See Houston Gen. Ins. Co. v. American Fence Co., 115 F.3d 805, 807 (10th Cir. 1997).

Nickerson asserts she and Breitag were using Breitag's personal vehicle as a temporary substitute for one of their employer's vehicles because one of the employer's vehicles was out of service. In her deposition, Breitag said she decided to take her own car on the business trip to avoid causing "disruption to [her employer] by having a car gone," and because she felt "psychologically more comfortable" driving her own. Breitag specifically denied any knowledge that any of the employer's vehicles would be out of service during her trip. After Allied moved for summary judgment, however, Breitag submitted an affidavit stating she knew before taking her own vehicle that one

of the employer's cars would be in the shop during her trip, and this was the reason she drove her personal car. Because Breitag's affidavit contradicts her earlier deposition testimony, we must disregard her affidavit. See Schiernbeck v. Davis, 143 F.3d 434, 438 (8th Cir. 1998); Plymouth Foam Prods., Inc. v. City of Becker, Minn., 120 F.3d 153, 155 n.3 (8th Cir. 1997). Stated simply, "'parties to a motion for summary judgment cannot create sham issues of fact in an effort to defeat summary judgment.'" Schiernbeck, 143 F.3d at 438 (quoting RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir. 1995)).

Once we disregard Breitag's affidavit, we conclude there is no genuine question of material fact and Allied is entitled to judgment as a matter of law. There is no indication Breitag's car was being used in place of the employer's insured vehicle because the employer's vehicle was out of use. See American Fence, 115 F.3d at 808. Instead, Breitag drove her own car for the convenience of her employer and herself. Convenience is an insufficient reason to bring even actual substitution within the terms of the coverage afforded by a temporary substitute automobile provision. See id. In sum, Nickerson is not covered by the temporary substitute vehicle provision of Allied's policy.

We affirm the district court's grant of summary judgment to Allied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-