227 F.Supp.2d 1059 (2002)
TRIPLE FIVE OF MINNESOTA INC., a Minnesota Corporation, Plaintiff,
v.
Melvin SIMON; Herbert Simon; Randolph Foxworthy; Melvin Simon & Associates, Inc. an Indiana corporation; Si-Minn Developers Limited Partnership, an Indiana Corporation; David Simon; Simon Property Group, Inc., a Delaware corporation; Simon Property Group L.P., a Delaware limited partnership; MS Management Associates, Inc., an Indian corporation; Mall of America Associates, a Minnesota general partnership; MOAC Limited Partnership, a Minnesota limited partnership; Mall of America Company, a Minnesota general partnership; Minnertainment Company, a Minnesota general partnership; MOAC Mall Holdings LLC; MOA Land Holdings LLC, MOAC Entertainment Company LLC; and Does 1 to 20, Defendants.
Civ. No. 99-1894 (PAM/RLE).
United States District Court, D. Minnesota.
July 26, 2002.
*1060 Roger James Magnuson, Christopher T. Shaheen, Dorsey & Whitney, Minneapolis, MN, Creighton Reid Magid, Dorsey & Whitney, Washington, DC, for Plaintiff.
Thomas S. Fraser, James E. Dorsey, Fredrikson & Byron, John M. Sheran, Lawrence Jeffrey Field, Leonard, Street and Deinard, Elizabeth Wiet Reutter, Leonard, Street and Deinard, Minneapolis, MN, Richard L. Posen, Steven H. Reisberg, Tariq Mundiya, Willkie, Farr & Gallagher, New York City, for Defendants.

ORDER
ERICKSON, United States Magistrate Judge.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiff's informal Motion for a Protective Order, which seeks to bind the Defendants to certain representations, which were made to the Court, concerning the scope of the deposition of Robert Cole ("Cole"), which is scheduled to be taken, at the Defendants' instance, on July 29, 2002.
A Hearing on the Motion was conducted on July 24, 2002, at which time the Plaintiff, Triple Five of Minnesota ("Triple Five"), appeared by Creighton R. Magid, Esq., and the Defendants appeared by John M. Sheran, Esq. For reasons which follow, we grant Triple Five's Motion for a Protective Order.

II. Discussion

This litigation arises out of Triple Five's contention that, in violation of their fiduciary obligations, the Defendants usurped a business opportunity  namely an opportunity to purchase an ownership interest in *1061 the partnership that owns the Mall of America  that should have first been offered to Triple Five. In their defense, the Defendants assert that, even if the opportunity had been offered to Triple Five, Triple Five would not have been able to finance the purchase of that interest. Presently at issue is the deposition of Cole, who Triple Five characterizes as a disgruntled former employee, and who the Defendants seek to depose so as to preserve his testimony for Trial.
When Cole's deposition was originally noted by the Defendants, Triple Five moved the United States District Court for the Central District of California  which is the District in which the deposition is noted to take place  for a Protective Order which would preclude the deposition. In that Motion, Triple Five alleged that, previously, it had been represented by the Willkie Farr law firm ("Willkie Farr") on matters involving business financing, and that, in this case, Willkie Farr is representing the Defendants. Further, Triple Five asserted that a palpable conflict of interest existed, given the involvement of Willkie Farr, as the Defendants had been informed of the existence of Cole through privileged conversations between Willkie Farr, and Shawn Samson ("Samson"), who was one of Triple Five's corporate officers, at the time of Triple Five's consultation with Willkie Farr. As a consequence, Triple Five argued that Willkie Farr should be disqualified from representing the Defendants, and it moved for a stay of Cole's deposition until the disqualification issue could be resolved. In response, the Defendants contended that they had learned of Cole through independent means but, nevertheless, they "agreed to a voluntary stay of Cole's deposition pending a resolution of the conflict issue." In re Robert Cole, SACV 02-145 (C.D.Cal. April 11, 2002), at 2.
A United States Magistrate Judge in the Central District of California, granted the stay pursuant to Rule 26(c), Federal Rules of Civil Procedure, which provides that a party may bring a Motion for a Protective Order in the Court where "the action is pending or alternatively, on a matter relating to a deposition, the court in the district where the deposition is to be taken." Since the basis for the stay was the need to resolve a disqualification question, involving representation of the Defendants in this action, the Magistrate Judge deferred the conflicts issue to this Court for resolution.
Thereafter, Triple Five brought a Motion for a Protective Order in this Court, which sought to prohibit the Defendants' deposition of Cole or, in the alternative, a disqualification of Willkie Farr from further representation of the Defendants. A Hearing on that Motion was conducted before Chief Magistrate Judge Jonathan Lebedoff on May 16, 2002.[1] In an Order issued May 22, 2002, Judge Lebedoff denied Triple Five's Motion. As related by Judge Lebedoff, "[i]t [was] clear from the language of the California court that Triple Five was to bring a motion to disqualify Willkie Farr, and no other motion, before this Court," and as a result, he decided to consider only the part of Triple Five's Motion which related to the issue of disqualification. See, Order of May 22, 2002, Docket No. 168, ("May Order") at 3-4.[2] We need not further detail *1062 Judge Lebedoff's reasoning, other than as it relates to the taking of Cole's deposition, as Triple Five did not appeal Judge Lebedoff's denial of the disqualification Motion, nor does it here seek a reconsideration.
In the course of his Order, Judge Lebedoff noted the concern raised over the taking of Cole's deposition, particularly if Willkie Farr had gained an unfair advantage, as to Cole's existence, and the nature of his likely testimony. Apparently, anticipating the issue, the Defendants represented, in their Motion papers to Judge Lebedoff, that A Cole's deposition in this case is anticipated to focus on conversations with the Ghermezians and Samson relating to the Mall of America and the Simons; that topic was not important to or even discussed in the California litigation which, Triple Five had asserted, was the basis for their prior consultation with Willkie Farr. Of course, to the extent that the deposition of Cole would be unrelated to any past consultation, there could be no claim of unfairness.
To accentuate the point, during argument before Judge Lebedoff on the disqualification Motion, counsel for the Defendants represented as follows:
Let us go take the deposition of the esteemed Mr. Cole. That deposition is going, * * * to focus, and you'll be shocked to hear this, on the Mall of America. When we're done, * * * if we have asked some question and Mr. Cole has given some answer that supposedly implicates some grand confidence, [Triple Five] can take that up with [the District Court Judge] in an appropriate motion, but it isn't going to happen. It isn't going to happen and [Triple Five is] not entitled to [the Protective Order].

Transcript of May 16, 2002 Motion Hearing, Docket No. 191, at 37-38.
The representations plainly had an impact on Judge Lebedoff. After recognizing that the questioning of Cole could involve purported confidences that Triple Five had previously shared with Willkie Farr, Judge Lebedoff noted that the "Defendants intend to limit Cole's deposition to conversations with the Ghermezians and Samson relating to the Mall of America and the Simon Defendants * * * which are matters not even discussed in [the prior California litigation] or in Samson's meeting with Posen [i.e., the attorney for Willkie Farr]." May Order, at 8-9. Judge Lebedoff continued by explaining that, "[l]imiting the scope of Cole's deposition to the Mall of America transaction significantly diminishes any relation between the two cases," and therefore, Triple Five failed to show how its inability to finance the project at issue in the California litigation, was related to its alleged inability to finance the Mall of America project. May Order at 9. For this, and for other reasons, Judge Lebedoff denied the Motion to Disqualify.
Following Judge Lebedoff's Order, the Defendants inquired of Triple Five as to whether it contemplated an appeal. In a letter dated May 30, 2002, Triple Five's counsel replied that, "[w]ith the understanding that the deposition of Mr. Cole will be limited to questions about Mall of America (a position you took at the hearing and reflected in Magistrate Judge Lebedoff's order), we will not appeal the order." On July 15, 2002, the Defendants responded that they did not intend to limit their questioning of Cole to conversations he had with the Ghermezians or Samson *1063 concerning the Mall of America or the Simons, but rather that "anything that would bear on the Mall of America" would be fair game. Given this response, Triple Five seeks a Protective Order that would require the Defendants to abide by the representations they had to Judge Lebedoff.
In opposing the Motion, the Defendants first argue that we are without jurisdiction to rule upon matters in a deposition being taken in a foreign United States District Court. The assertion requires little discussion, as it is plainly wrong. Were the issue before us generated by a question to Cole, in the Central District of California, we would be the first to note that, absent a competent remittal of that issue to us, we would be without the requisite jurisdiction to rule upon that matter. See, In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir.1991). Here, however, the core issue is whether the Defendants should be bound by the representations they made to this Court  a matter inherently within our jurisdiction.
Next, the Defendants contend that they may have been overly restrictive in their representations to Judge Lebedoff, and that, therefore, they should not be bound by those representations as that would have the practical effect of being a "gag" Order. We reject that argument as unsound. The Defendants had a wealth of arguments to advance in defending against the disqualification Motion. For reasons they felt compelling, they chose to address the sensitive issue of unfairness, which could arise in the context of Cole's deposition, by assuring Judge Lebedoff that they would restrict their questioning to Cole's conversations with the Ghermezians, and Samson, concerning the Mall of America transaction. The Defendants were under no compulsion, other than that of urging a persuasive argument so as to assuage the presiding Judge of any finding of unfairness, and we conclude that, having made that representation, the Defendants should be bound by it. Advocacy would be unconstrained if representations could be made to the Court and, when found persuasive by that Court, the representations are abandoned, so as to secure a potential advantage that the representations were intended to abandon.
Moreover, we are not persuaded, as the Defendants now argue, that Judge Lebedoff would have denied Triple Five's Motion to Disqualify, even if they had not made their representations to him. As we have said elsewhere, "[w]e do not here engage in an algebraic formulation, in which unknown values can be ascertained by extrapolation from known values," and we cannot discern what would have been the likely result of Judge Lebedoff's ruling had not the representations been made. See, Duluth Missabe & Iron Range Railway v. Brotherhood of Locomotive Engineers, 113 F.Supp.2d 1356, 1365 (D.Minn. 2000). Indeed, any such approach would be fraught with second-guessing. Here, we do no more than hold the Defendants to the representations they voluntarily made in the course of what proved to be a persuasive argument.
While we understand the Defendants to argue that they meant only to represent that they were going to "focus" on the Mall of America transaction, and had never intended to limit their inquiry to that topic, we read the Defendants' self-imposed limitation as being far more restrictive than a mere "focus." Indeed, counsel for the Defendant assured Judge Lebedoff that the trail would be so well blazed  so as to preclude an excursion outside its bounds  that the Judge need not worry about the District Court facing such an *1064 excursion. We recognize that binding the Defendants to their own crafted restrictions, we are unable, in advance, to precisely limn the boundaries of appropriate inquiry.[3] Of course, though not specifically involved in the Mall of America transaction, the Defendants may lay foundation for Cole's knowledge, and may inquire as to general background matters. To the extent that Cole was engaged in seeking financing for the Mall of America project, he may also be questioned as to his activities in that respect. If he has no such involvement, then we conclude that his questioning must end, apart from considerations which are not here obvious. The Defendants should not be able to question Cole on matters extraneous to the Mall of America, such as the financing for other unrelated projects. We anticipate that there will be gray areas of inquiry, but with these markings, we are confident that counsel may resolve them effectively.
NOW THEREFORE, It is 
ORDERED:
That the Plaintiff's informal Motion for a Protective Order is GRANTED, as more fully detailed in the text of this Order.
NOTES
[1] On June 20, 2002, this case was referred to the undersigned for all future pretrial matters.
[2] In addition, the Court noted that while Rule 26(c) permitted party moving for a protective order relative to a deposition to bring that motion either in the district where the action was pending, or where the deposition was to take place, it did not permit the party to bring the motion in both districts. Therefore, as the Plaintiff had already brought the Motion in the Central District of California, it could not bring it separately in the District of Minnesota.
[3] We directed counsel to "meet and confer" so as to isolate any potential disagreements in the scope of questioning, that could be resolved in advance of Cole's deposition. We have not heard further on that matter, but we also recognize that the attention of counsel was properly drawn to oral argument, on dispositive Motions, before the District Court.